**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 21-120-DLB**

**DAVON BURKE**                                                                     **PLAINTIFF**

**v.**                      **MEMORANDUM OPINION and ORDER**

**IWEBVISIT.COM, et al.,**                                   **DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Davon Burke is incarcerated at the Kenton County Detention Center ("KCDC"). Burke has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1). The Court has granted his motion to proceed *in forma pauperis* by separate Order.

The Court must now review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his Complaint, Burke alleges that one of the bathrooms at KCDC does not have a door, and therefore its occupants can be seen directly from a booth in the visitation room. In addition, video cameras in the visitation room have a clear line of sight into the bathroom, and Burke alleges that a "screenshot" of him using the bathroom "has been

1

placed on social media and Facebook." Burke asserts that these cameras are operated by defendants Iwebvisit / Combined Public Communications through a contract with Kenton County. Burke further contends that this violates unspecified rights under Fourth and Fifth Amendments to the United States Constitution and constitutes numerous common law torts under Kentucky law. (Doc. # 2 at 2-3, 5).

Burke affirmatively states in his complaint that he has not filed any other lawsuits related to the same matters. (Doc. # 2 at 8). But that statement is false. Burke signed his complaint in this case on September 10, 2021. (Doc. # 2 at 9). The day prior, the Circuit Court of Kenton County, Kentucky received an amended complaint from Burke naming Iwebvisit.com as a defendant and complaining that visiting families were able to see him using the bathroom because it lacks a door.[1]

The pendency of a previously-filed action in state court asserting functionally the same claim warrants the dismissal of this action, without prejudice, on abstention grounds. The Court may raise the possible need to abstain from exercising jurisdiction *sua sponte*. *Hill v. Snyder*, 878 F. 3d 193, 206 n.3 (6th Cir. 2017). The abstention doctrine is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). Thus, even where a federal court possesses subject matter jurisdiction, the Supreme Court has

---

[1] See https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=059&court=1&division=CI&caseNumber=21-CI-01120&caseTypeCode=OTH&client_id=0 (visited on September 28, 2021). The Court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969); *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on state and federal government websites.").

recognized that prudence and comity warrant abstaining from the exercise of that jurisdiction in certain circumstances where the federal action is intertwined with a case or controversy that already has (or could have been) brought in a state court. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

Abstention is appropriate where the same or related claims are being pursued in ongoing state judicial proceedings; those proceedings implicate important state interests; and the state proceedings provide an adequate opportunity to raise any constitutional claims. *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (affirming district court's *sua sponte* dismissal of complaint based on finding that plaintiff's ongoing state judicial disciplinary proceedings required the federal court to abstain). Burke's case satisfies these criteria. Burke asserted his claim in the state proceeding before he did so in this matter, and the state proceeding is ongoing. Kentucky has an important state interest in the development and application of its own laws, including the many common law torts set forth in Burke's complaint. With respect to Burke's claims under the United States Constitution, Kentucky is entitled to a presumption that its courts will provide a ready and adequate forum to hear and address federal constitutional claims asserted by those appearing before them, and Burke gives no reason to doubt that he is able to adequately assert his claims in that proceeding. *Cf. Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435-36 (1982); *Hayse v. Wethington*, 110 F.3d 18, 21-22 (6th Cir. 1997). The foregoing indicates that the Court should abstain from exercising its jurisdiction over such claims. Cf. *Aaron v. O'Connor*, 914 F. 3d 1010, 1016-17 (6th Cir. 2019).

Accordingly, it is **ORDERED** as follows:

(1)  Burke's complaint (Doc. # 2) is **DISMISSED** without prejudice.

(2)  This matter is **STRICKEN** from the active docket.

(3)  An according Judgment is filed contemporaneously herewith.

This 28th day of September, 2021.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\Cov2021\21-120 MOO Dismissing.docx